UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

YING JIE ZHAO and JIAN JUN LI, on behalf of : 
themselves and others similarly situated, :
                                  Plaintiffs, :
                                    :
              -against- :
                                    :
L & K RESTAURANT, INC. d/b/a ASIAN :
WOK, XIAOHUA ZHU a/k/a KEN ZHU and :
"JOHN" ZHU, :
                            Defendants. :

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2015

14-CV-6103 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

        Plaintiffs Ying Jie Zhao and Jian Jun Li bring this action on behalf of themselves and

others similarly situated (collectively, the "Plaintiffs") against Defendants L & K Restaurant,

Inc. ("L & K") d/b/a Asian Wok ("Asian Wok"), Xiaohua Zhu a/k/a Ken Zhu, and "John" Zhu

(collectively, the "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §

201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Defendants move to dismiss the

Complaint. For the following reasons, Defendants' Motion to Dismiss is DENIED.

## BACKGROUND[1]

        Defendants are the owners and operators of Asian Wok, a Chinese restaurant in lower

Manhattan. Complaint ("Compl."), Dkt. 1 ¶¶ 10, 12-18. Plaintiff Li worked as a delivery person

for Defendants from May 2012 until June 23, 2014. *Id.* ¶ 32. Plaintiff Zhao worked as a

delivery person for Defendants from May 2013 until April 2014. *Id.* ¶ 43. Plaintiffs' duties

included preparing delivery containers and bags, and moving goods into the storage area. *Id.* ¶¶

28, 32, 43. Plaintiffs allege, *inter alia*, that Defendants failed to pay minimum wage, overtime

---

[1]      In addressing the sufficiency of the Complaint on a motion to dismiss, the Court "accept[s] as true all
factual allegations and draw[s] from them all reasonable inferences." *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir.
2014).

and spread-of-hours compensation during the period in which they were employed.  *Id.* ¶¶ 33, 41, 44, 50.

## DISCUSSION

### I.      Plaintiffs State a Plausible Claim on Which Relief Could Be Granted

Defendants move to dismiss Plaintiffs' FLSA claims pursuant to Rule 12(b)(6), arguing that Plaintiffs were not employed by an "enterprise" engaged in commerce as that term is defined in the FLSA because the restaurant has never had more than $500,000.00 in gross volume of sales or business.  Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Mem."), Dkt. 16, at 10-11 (citing Affidavit of Xiaohua Zhu ("Zhu Aff."), Dkt. 15, ¶ 14; Exs. A, B).[2]

### A.  Standard of Review

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).  Furthermore, courts are generally confined to "the four corners of the complaint" and must "look only to the allegations contained therein."  *Perez v. Westchester Foreign Autos, Inc.*, No. 11-CV-6091(ER), 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).  "'[W]hen matters outside the pleadings are

---

[2]      The Memorandum of Law actually states that "New Gao" never had more than $500,000 in gross sales. Defendants offer no explanation for their references to "New Gao," a non-party.  Counsel for Defendants are reminded that they should carefully proofread all court documents prior to filing.

presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional

material and decide the motion on the complaint alone' or 'convert the motion to one for

summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present

supporting material.'"  *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v.*

*Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)).  *See also* Fed. R.

Civ. P. 12(d).

### B.  Plaintiffs' FLSA Claims Are Adequately Pled

The FLSA defines an "enterprise engaged in commerce" as a business that (1) has

employees "engaged in commerce or in the production of goods for commerce, *or* that has

employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person," *and* (2) has an annual gross revenue of at least

$500,000.  29 U.S.C. § 203(s)(1)(A)(i), (ii) (emphasis added).

Defendants argue that the second prong of this test cannot be met because Defendants'

proffered tax documents suggest that L & K, the business entity under which Asian Wok

operates, earned less than $500,000 in 2012 and 2013.  Defs.' Mem. at 10.  In support of this

position, Defendants have provided the Court with the Affirmation of Defendants' attorney, Jian

Hang, attaching "true and correct copies" of unsigned and incomplete "Federal Corporate Tax

Returns" for 2012 and 2013.  Affirmation of Jian Hang ("Hang Aff."), Dkt. 14, Ex. B ("2013

Tax Document"); Hang Aff., Ex. C ("2012 Tax Document") (together the "Tax Documents").

The Court declines to accept Defendants' Tax Documents as conclusive evidence that

Defendants do not meet the $500,000 threshold required by the FLSA because (1) the tax returns

are neither signed nor complete and (2) neither Defendant Zhu nor the tax preparer have

submitted an affirmation attesting to the authenticity or accuracy of the Tax Documents.[3]  *See*

*Rocha v. Bakhter Afghan Halal Kababs, Inc.,* No. 13-CV-170 (MKB), 2014 WL 4536268, at \*7

(E.D.N.Y. Sept. 15, 2014) ("The absence of a signature on the tax returns, combined with the

absence of an affidavit from the tax preparer or from the owner of the business verifying the

authenticity of the returns caution against presuming their authenticity."); *see also Monterossa v.*

*Martinez Rest. Corp.*, No. 11-CV-3689 (JMF), 2012 WL 3890212, at \*4 (S.D.N.Y. Sept. 7,

2012) ("[T]here is good reason to be cautious in relying on Defendant's tax returns because . . .

the submitted returns are unsigned and unaccompanied by a statement or affidavit of the tax

preparer.").  Moreover, Defendants wholly fail to respond Plaintiffs' argument that the 2012 and

2013 Tax Documents reflect only $33,244 in wages and salaries for the year 2012, meaning that,

on average, the Restaurant's seven full-time employees would only have been paid $8,026.88 for

the year, an implausibly small amount.  *See Amaya v. Superior Tile and Granite Corp.*, No. 10-

CV-4525 (PGG), 2012 WL 130425, at \*4 (S.D.N.Y. Jan. 17, 2012) (finding defendant's tax

returns showing wages and salaries ranging from $19,229 to $42,268 to be "entirely unreliable"

and "utterly inconsistent" with a business employing six to eight workers full-time).

Defendant Zhu, the owner of L & K, has submitted an affidavit stating that "[a]t no time

has [L & K's] revenues or gross volume of sales ever exceeded $500,000.00."  Zhu Aff. ¶ 14.

Defendant Zhu's self-serving and conclusory statement that the Restaurant has never earned

more than $500,000 in revenues or gross sales cannot, without more, defeat Plaintiff's claim at

the pleading stage.

---

[3]      The Court gives no weight to Defense counsel's statement that the documents are "true and current copies
of L & K Restaurant Inc.'s" Federal Corporate Tax Returns inasmuch as the documents submitted are obviously
incomplete.  Hang Aff. ¶¶ 2, 3.

Defendants' challenge to the first prong of the "enterprise coverage" test under the FLSA is equally meritless. "Under an 'enterprise' application, a plaintiff need not himself or herself be involved in an activity which affects interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998) (citation omitted). In fact, "[c]ourts have held that this element is satisfied if employees 'merely handled supplies or equipment that originated out-of-state.'" *Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV1021 (JG) (SMG), 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011)); *see also Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281, 284-85 (S.D.N.Y. 2013) (finding that plaintiffs' pleadings satisfactorily alleged enterprise coverage under the FLSA by claiming that defendant's employees used tools that traveled in interstate commerce and that defendant's annual revenues exceed $500,000).

Plaintiffs allege that, during the course of their employment, they handled materials such as soda, dried noodles, forks, napkins, and sauces. Compl. ¶¶ 11, 28; *see also* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls.' Mem. Opp."), Dkt. 23, at 7-8. Even if the Court were to credit the self-serving affidavit of Defendant Zhu, the Zhu Affidavit denies all sorts of interstate activity (*e.g.*, it asserts L & K has only a New York bank account; L & K targets only New York residents with its advertising; L & K owns no real property outside of New York) but does not deny that materials used or foodstuffs sold by the restaurant travelled in interstate commerce. Because Plaintiffs have satisfactorily alleged both prongs of the "enterprise coverage" test, the Court declines to address Defendants' argument that Plaintiffs fail to meet the standard for "individual coverage." Defs.' Mem. at 10, 13.[4]

---

[4]     Defendants further argue that because they have presented matters outside the pleading (*i.e.*, the Tax Documents), the Court should treat their 12(b)(6) motion as a motion for summary judgment. *See* Reply Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Reply Mem.") at 6; *see also* Fed. R. Civ. P. 12(d). Even if the Court were to consider Defendants' Tax Documents and convert Defendant's Motion to

## II.      Plaintiffs Have Properly Joined as Parties

Defendants argue that the Complaint should be dismissed because Plaintiffs failed to file forms indicating their consent to sue in a collective action, as required under 29 U.S.C. § 216(b), and therefore the Complaint "contains no parties [to] commence the action." Defs.' Mem. at 16. Following the filing of Defendants' Motion to Dismiss, on October 14, 2014, both Plaintiffs filed written acknowledgments of their consent to become party plaintiffs in this action (the "Consent Forms"). Dkts. 21-22. Plaintiffs' Consent Forms are hand-dated August 5, 2014; Plaintiffs have offered no explanation, whether in their Opposition to the Motion to Dismiss or otherwise, why the Consent Forms were not filed along with Plaintiffs' Complaint on August 5, 2014. *Id.* Nonetheless, the Court declines to dismiss the Complaint, but instead finds that this action shall be deemed to have been commenced for purposes of the Plaintiffs' putative collective action claims on October 14, 2014, the date on which Plaintiffs' Consent Forms were filed. *See Mendez v. The Radec Corp.,* 260 F.R.D. 38, 52 (W.D.N.Y. 2009); *see also Ketchum v. City of Vallejo,* No. S–05–1098, 2007 WL 4356137, at *2 (E.D. Cal. Dec.11, 2007) (named plaintiffs' actions were commenced on the dates on which they filed declarations with the court expressly indicating their intent to be plaintiffs in the action).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. It is hereby ORDERED that this action shall be deemed to have commenced as a putative collective action on October 14, 2014. The Clerk of Court is respectfully directed to terminate the open motion at

---

Dismiss into a motion for summary judgment, the motion would be denied because Defendants' incomplete and unsigned Tax Documents prove nothing.

docket entry 13.

**SO ORDERED.**

**Date:  April 21, 2015**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**